UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD,<br><br>    Petitioner,<br><br>JARED D. LOZANO, Warden,<br><br>    Respondent.[1] | NO. CV 19-00013-DDP (AGR)<br><br><br>ORDER TO SHOW CAUSE |

    Petitioner, a state inmate, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears the Petition may be second or successive. Petitioner is ordered to show cause as to why the Petition should not be dismissed for failure to obtain authorization from the Ninth Circuit before filing a successive Petition.

---

[1] Petitioner listed Debbie Asuncion as the Respondent in the instant Petition. Pursuant to Fed. R. Civ. P. 25(d), the court substitutes Jared D. Lozano, the current acting Warden at the CA Medical Facility located in Vacaville, CA, where Petitioner is currently incarcerated, as the proper Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (proper respondent is "person who has the immediate custody of the party detained").

## I.

## **PROCEDURAL BACKGROUND**

On November 18, 1999, an Orange County Superior Court jury found Petitioner guilty of first degree murder and attempted second degree robbery. (Dkt. No. 1 at 2.)[2] The jury found true firearm allegations. On January 28, 2000, the Superior Court sentenced Petitioner to two consecutive terms of 25 years to life in state prison. (Case No. 98NF3130.)[3] According to the records attached with the Petition, Petitioner was 15 years old when he committed the offenses and 17 years old when he was sentenced. (Dkt. No. 1, Ex. 2-6.)

On February 3, 2000, Petitioner appealed to the California Court of Appeal, which affirmed the judgment on December 14, 2000. (Case No. G026780.)[4] Petitioner did not file a petition for review in the California Supreme Court.

On November 29, 2001, Petitioner filed a habeas petition in the California Supreme Court, which denied the petition on March 27, 2002. (Case No. S102484.)[5]

On April 11, 2002, Petitioner filed a habeas petition with this court. *Springfield v. Yarborough*, CV 02-03001-AHS (CT) ("*Springfield I*," Dkt. No. 1).

---

[2] Page citations are to the page numbers generated by the CM/ECF system in the header of the document.

[3] Case information accessible on Orange County criminal docket website at: https://ocapps.occourts.org/Vision_PublicNS/Case.do#formAnchor.

[4] Case information accessible on California Appellate Court website at: http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=43&doc_id=522316&doc_no=G026780&request_token=NiIwLSIkTkw%2BWyBZSCMtWEtIQDw7UFxbISM%2BWzJTMCAgCg%3D%3D.

[5] Case information accessible on California Appellate Court website at: http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=0&doc_id=1834163&doc_no=S102484&request_token=NiIwLSIkTkw%2BWyBZSCMtVEIIQDw0UDxfIyI%2BVzJSMCAgCg%3D%3D.

On February 12, 2003, the district court entered judgment dismissing the petition with prejudice, and denied Petitioner's motion for a certificate of appealability on April 10, 2003. (*Id.*, Dkt. Nos. 32, 41.)

On June 23, 2013, the Ninth Circuit granted Petitioner's request for a certificate of appealability. (*Id.*, Dkt. No. 47.) On April 16, 2004, the Ninth Circuit affirmed the district court's judgment. (*Id.*, Dkt. No. 50; Case No. 03-55621.)

On October 4, 2017, Petitioner filed a habeas petition in the California Court of Appeal, which denied the petition on January 23, 2018. (Case No. G055514.)[6] On February 27, 2018, Petitioner filed another habeas petition in the California Court of Appeal, which summarily denied the habeas petition on March 6, 2018. (Case No. G056027.)[7]

On April 4 and May 7, 2018, Petitioner filed two habeas petitions in the California Supreme Court, which subsequently denied both petitions on July 18, 2018. (Case Nos. S248064 and S248708.)[8]

On December 19, 2018, Petitioner constructively filed the instant Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. *Springfield v. Asuncion*, CV 19-00013-DDP (AGR) ("*Springfield II*," Dkt. Nos. 1, 3).

---

[6] Case information accessible on California Appellate Court website at: http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=43&doc_id=2231516&doc_no=G055514&request_token=NiIwLSIkTkw%2BWyBZSCMtUEhJUFg7UFxbJiNOUztSMCAgCg%3D%3D.

[7] Case information accessible on California Appellate Court website at: http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=43&doc_id=2245054&doc_no=G056027&request_token=NiIwLSIkTkw%2BWyBZSCMtUE1IMFQ7UFxbJiM%2BRzhSQCAgCg%3D%3D.

[8] Case information accessible on California Appellate Court website at: http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2248383&doc_no=S248064&request_token=NiIwLSIkTkw%2BWyBZSCMtTEpIUEA0UDxTJyBeRzxSMCAgCg%3D%3D.

3

## II.

## **SECOND OR SUCCESSIVE PETITION**

In *Springfield I*, Petitioner filed a habeas petition with this court on April 11, 2002, and raised two grounds for relief: (1) ineffective assistance of appellate counsel; and (2) erroneous admission of Petitioner's statements to police officers in violation of Petitioner's Fifth and Sixth Amendment rights to counsel and against self-incrimination. (*Springfield I*, Dkt. No. 22 at 3-4.) On February 12, 2003, the district court entered judgment dismissing the petition with prejudice, and denied Petitioner's motion for a certificate of appealability on April 10, 2003. (*Id.*, Dkt. Nos. 32, 41.) On April 16, 2004, the Ninth Circuit granted Petitioner's request for a certificate of appealability, but eventually affirmed the district court's judgment. (*Id.*, Dkt. No. 50; Case No. 03-55621.)

In the instant Petition, Petitioner argues that "the 50 year to life sentence Petitioner is currently serving is cruel and unusual and unconstitutional under the Eighth Amendment of the U.S. Constitution. Although Legislation has created a parole eligibility scheme for juvenile offenders, it doesn't cure the violation of Petitioner's unlawful sentence." (*Springfield II*, Dkt. No. 1 at 8.)

A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *see* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). However, when there is a new judgment in Petitioner's case intervening between the two habeas petitions, "[the petition] challenging the resulting new judgment is not 'second or successive' at all." *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010). (citation and quotation omitted).

Petitioner appears to challenge his initial conviction or sentence under the Eighth Amendment to the United States Constitution, pursuant to the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012). To the extent that Petitioner is challenging his initial conviction or sentence, the Petition would be successive because Petitioner previously filed a habeas petition challenging the same conviction or sentence in this court. Thus, Petitioner would need to submit an application to the Ninth Circuit to file a second or successive habeas corpus petition.

To the extent Petitioner alleges there has been an intervening amended judgment in his criminal case, Petitioner should advise this court and provide a copy of the amended judgment.

### III.
### **MOOT GROUNDS FOR RELIEF**

In addition, the claims raised in the instant Petition appear moot.

Mootness is jurisdictional. *See Koppers Indus. v. U.S.E.P.A.*, 902 F.2d 756, 758 (9th Cir. 1990). The fundamental issue in deciding mootness is whether there is a current controversy to which effective relief can be granted. "This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation and quotation marks omitted).

In the context of whether a habeas petition is moot, the "analysis is specifically limited to the sort of equitable relief we may grant in response to a habeas petition." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). A habeas petition is moot when the petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." *Id.* at 1000-01 (citation, quotation marks, and ellipses omitted).

### A. Eighth Amendment Challenge

In ground one of Petitioner's single ground for relief, Petitioner argues that he was illegally sentenced to life without parole as a juvenile in violation of the Eighth Amendment to the United States Constitution. (Dkt. No. 1 at 6-9.) Petitioner contends that "[a]lthough legislation has created a parole eligibility scheme for juvenile offenders, it doesn't cure the violation of Petitioner's unlawful sentence" because his "minimum eligible parole date is 2048," which Petitioner believes is equivalent to a "de facto life without parole." (*Id.* at 8-9.)

Petitioner's claim for relief appears moot. The sentencing error has been corrected by legislation. As the California Supreme Court noted, Senate Bill No. 260 was enacted "to bring juvenile sentencing in conformity with *Miller*, *Graham*, and *Caballero*." *People v. Franklin*, 63 Cal.4th 261, 268 (2016). In *Franklin*, the Supreme Court of California held that Cal. Penal Code §§ 3051 and 4801 mooted defendant's claim that two consecutive 25-year-to-life sentences, imposed while defendant was a minor, constituted cruel and unusual punishment. *Id.* at 276-77. The Court reasoned that under the new legislation, defendant would be eligible to receive a Parole Board Hearing before the 25th year of his sentence, at which time the board will accord "great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." *Id.* at 277 (citation omitted). Thus, defendant's sentence was not the functional equivalent of life without the possibility of parole. *Id.* at 286.

Here, Petitioner received two consecutive 25-year-to-life terms as a juvenile. Petitioner's sentence is not the functional equivalent of life without the possibility of parole because Petitioner will receive a parole board hearing during or before his 25th year of incarceration in accordance with Cal. Penal Code § 3051. Because the sentencing error for juveniles has been corrected by

legislation, the court cannot grant any further relief.  Thus, Petitioner's constitutional claim in ground one appears moot.  Petitioner would need to show cause as to why the court should not deny the Petition and dismiss the action with prejudice.  *See Arave v. Hoffman*, 552 U.S. 117, 118-19 (2008).

### B. *Franklin* Hearing

In the Memorandum of Points and Authorities attached to the Petition, Petitioner states that he was not provided an opportunity to create a sufficient record of the mitigating information relevant for the parole board to eventually consider at his future parole hearing, including his youthful characteristics and circumstances at the time of the offense.  (Dkt. No. 3 at 10.)[9]

Here, the record is unclear as to whether Petitioner ever previously requested a *Franklin* hearing in state court.  If Petitioner did receive a *Franklin* hearing in state court, the claim would be moot because the court cannot grant any further relief.  Petitioner would therefore need to show cause as to why this claim should not be dismissed as moot.

Moreover, if Petitioner has not requested a *Franklin* hearing in state court, the claim would be unexhausted.  Federal habeas relief is generally unavailable when a petitioner has not exhausted the remedies available in state court.  28 U.S.C. § 2254(b)(1)(A).  Exhaustion requires that petitioners "fairly present" their federal claim to the state's highest court.  *Baldwin v. Reese*, 541 U.S. 27, 29

---

[9] In *People v. Franklin*, the Supreme Court of California remanded the case for a hearing to determine whether the defendant was afforded sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing.  63 Cal.4th at 284.  The California Supreme Court noted that such a record is better made close in time to the offense "rather than decades later when memories have faded, records may have been lost or destroyed, or family or community members may have relocated or passed away."  *Id.* at 284.  During the hearing, the parole board will accord "great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law."  *Id.* at 277 (citation omitted).

7

(2004). To satisfy this requirement, a petitioner must describe both the operative facts and the precise federal legal theory on which his claim is based to the California Supreme Court. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996).

If Petitioner has not requested a *Franklin* hearing in state court, Petitioner would need to show cause as to why the court should not deny this claim for relief without prejudice as unexhausted or premature.

## IV.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that on or before **March 4, 2019**, Petitioner shall show cause as to why the Petition should not be dismissed for lack of jurisdiction based on Petitioner's failure to obtain authorization from the Ninth Circuit to file a successive Petition.

In addition, Petitioner is further ordered to show cause as to why his Petition should not be dismissed as moot. To the extent that Petitioner has not requested a *Franklin* hearing, Petitioner is further ordered to show cause as to why the court should not deny this claim for relief without prejudice as unexhausted or premature.

If Petitioner fails to respond to this Order to Show Cause by **March 4, 2019**, the magistrate judge will recommend that the Petition be dismissed for failure to obtain authorization from the Ninth Circuit before filing a successive Petition.

DATED: January 31, 2019

ALICIA G. ROSENBERG
United States Magistrate Judge